No. 98-676

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 286N

BOARD OF TRUSTEES, LAME DEER PUBLIC SCHOOL DISTRICT NO. 6, Plaintiff and Appellant,

v.

NANCY KEENAN, SUPERINTENDENT OF PUBLIC INSTRUCTION,

Defendant and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District, In and for the County of Rosebud, The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael W. Dahlem, Whitefish, Montana

For Respondent:

Geralyn Driscoll, Montana Office of Public Instruction, Helena, Montana

Submitted on Briefs: April 1, 1999

Decided: November 23, 1999 Filed:

_____ Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Board of Trustees of Lame Deer Public School District No. 6 petitioned for a writ of mandamus requiring Nancy Keenan, the Superintendent of Public Instruction, to reimburse the School District for $33,702 in school bus transportation expenses for the 1995-96 school year. The Sixteenth Judicial District Court, Rosebud County, granted Keenan's motion to dismiss the School District's petition. We reverse and remand.

¶3 The issue is whether the District Court erred in granting Keenan's motion to dismiss.

¶4 A writ of mandamus may properly issue when an official is failing to perform a clear legal duty and the applicant for the writ has no other plain, speedy remedy at law. Section 27-26-102, MCA; State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 203. This Court's standard of review of a dismissal of a petition for writ of mandamus is whether the district court was correct in concluding that the party seeking the writ was not entitled to the writ or had another plain, speedy, and adequate remedy available in the course of the law. See Common Cause of Montana v. Argenbright (1996), 276 Mont. 382, 390, 917 P.2d 425, 429-30.

¶5 In the present case, the District Court concluded that issuing a writ of mandamus would be improper on both of the above grounds. The court first concluded that Keenan had no legal duty to pay transportation funds to a school district which did not meet legislative and administrative requirements: in this case, the School District's buses did not timely pass the second safety inspection by highway patrol officers for the 1995-96 school year. The court also concluded that the School District had other remedies available to it, in that it could have sought an administrative hearing and judicial review of the adverse decision by Keenan.

¶6 We first examine whether the School District has set forth a failure on Keenan's part to perform a clear legal duty. Section 20-10-145, MCA, provides that "a [school] district providing school bus transportation . . . in accordance with this title, board of public education transportation policy, and superintendent of public instruction transportation rules must receive a state reimbursement of its transportation expenditures." (Emphasis supplied.) Keenan's office is responsible for disbursing the state transportation reimbursement. Section 20-10-112(8), MCA.

¶7 Authority to deny reimbursement is provided in Section 20-10-104(1), MCA: When a district knowingly violates a transportation law or board of public education transportation policy, the district shall forfeit any reimbursement otherwise payable . . . .

(Emphasis supplied.) The parties disagree as to whether the School District "knowingly" violated policy or law as required under § 20-10-104(1), MCA.

¶8 The requirement that school buses be inspected twice each year is found at § 61-9-502, MCA. In 1995, no statute or administrative rule established a deadline for the completion of the second yearly bus inspection. Moreover, the parties agree that an initial failure to pass an inspection could be corrected later. The School District acknowledges that its buses did not initially pass the second inspection of the

1995-96 school year and that a successful reinspection had not been conducted by the end of the school year. In its petition for a writ, the School District claims that it was led to believe that the highway patrol officer would schedule a reinspection and that the reinspection need not be done until some time in June of 1996. Keenan asserts that by waiting until after the second semester of school had ended, the School District waited too long to have its buses reinspected. The School District states, however, that it had no notice until after-the-fact that failure to complete the second inspection by the end of the school year constituted grounds for forfeiture of reimbursement. The petition states that by the time the School District tried to schedule a reinspection of buses in June of 1996, the highway patrol officer responded that it was too late.

¶9 We are persuaded by the School District's argument that Keenan has failed to establish a "knowing" violation of statute or policy. We therefore conclude that the statutory prerequisite authorizing forfeiture has not been met and the § 20-10-145, MCA requirement that the School District "must" receive state reimbursement applies. The School District's petition has thus set forth a claim of official failure to perform a clear legal duty.

¶10 The District Court also concluded that the School District could have sought "an administrative hearing and judicial review" of Keenan's adverse decision. The court concluded that because the School District had another plain, speedy, and adequate remedy available in the course of the law, a writ of mandamus could not issue. The School District does not argue the merits of that conclusion on appeal. However, if the conclusion stands, the judgment dismissing the School District's complaint must be affirmed. In order to fully review the judgment under our Rule 2, M.R.App.P. review authority, we proceed to review that conclusion.

¶11 In supporting her motion to dismiss in the District Court, Keenan asserted that the School Board had the options of requesting administrative review in a hearing before the Board of Public Education or filing for judicial review of an administrative decision under the Montana Administrative Procedure Act (MAPA). In its brief opposing the motion to dismiss, the School Board pointed out that the Board of Public Education, like other political subdivisions, has only the authority it has been statutorily granted. See District No. 55 v. Musselshell County (1990), 245 Mont. 525, 528, 802 P.2d 1252, 1254. The School Board further pointed out that Keenan had cited no authority conferring upon the Board of Public Education any power to enforce statutory duties imposed on the State Superintendent of Public Instruction under § 20-10-145, MCA.

¶12 Nor has Keenan cited any statute or administrative rule allowing for MAPA review of a denial of reimbursement for school bus transportation. In fact, in her brief, Keenan in effect concedes that the School District had no administrative remedy, stating: For clarity the Court should note the September 13, 1996 document [denying reimbursement] is a letter[,] not an administrative order. OPI did not hold an administrative hearing in this matter and it did not issue an order. State transportation aid is not distributed through a hearing process. Transportation aid is public revenue appropriated by the Legislature to school districts subject to the terms and conditions set in statute. OPI has no discretion over the money. Its statutory duty is to "distribute the state transportation reimbursement in accordance with the provisions of law and the transportation policies of the board of public education." We conclude

that the School District had no alternative remedy available to it which would prohibit it from seeking a writ of mandamus.

¶13 We therefore conclude that the motion to dismiss this action should have been denied. Because this appeal comes to the Court on appeal from an order on a motion to dismiss, we have no authority to grant judgment for the nonmoving party. While Keenan attached to her motion to dismiss several affidavits and supporting documents which would have justified the District Court's consideration of the motion to dismiss as a motion for summary judgment (See Rule 12(c), M.R.Civ.P.; Hoveland v. Petaja (1992), 252 Mont. 268, 828 P.2d 392), a district court must give the parties notice before considering a motion to dismiss as a motion for summary judgment. See Hove-land, 252 Mont. at 271, 828 P.2d at 393-94. No such notice was given here. We reverse the judgment of the District Court and remand this cause for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

Justice Karla M. Gray, dissenting.

¶14 I respectfully dissent from the Court's opinion. I would affirm the District Court's grant of Keenan's motion to dismiss the School District's petition for a writ of mandamus.

¶15 I agree with the Court regarding the two-part test which must be met before a petitioner establishes entitlement to a writ of mandamus. I also agree that the District Court's conclusion with regard to the first part of the test--that is, whether there was a clear legal duty--was incorrect. I disagree, however, with the Court's discussion and resolution of the second part of the test, namely, whether the District Court also erred in concluding that a plain, speedy and adequate remedy existed other than mandamus.

¶16 The Court correctly observes that the School District did not argue the merits of that conclusion by the District Court on appeal. It is well established that an appellant--here, the School District--has the duty of establishing error by the district court. See, e.g., State v. Carter (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180. By virtue of the School District's failure to present argument on this second part of the mandamus test, I would conclude that it did not meet its burden and, on that basis, I would affirm the District Court's grant of Keenan's motion to dismiss. I simply cannot join the Court in taking on the School District's burden in this case and, having done so, reversing the District Court. It is my view that we cannot properly be the advocate of a party in a matter on appeal.

¶17 Where, as here, an appellant fails to establish error, we must affirm the District Court. To do otherwise is not only unfair to both the opposing party and the trial court, but it also casts aside our role of impartial arbiter. I dissent.

/S/ KARLA M. GRAY