No. 04-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 201N

DOUGLAS L. PLOUFFE,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA; MONTANA DEPARTMENT OF
JUSTICE, GAMBLING AND CONTROL DIVISION;
DEPARTMENT OF PUBLIC HEALTH AND HUMAN
SERVICES; DEPARTMENT OF ENVIRONMENTAL
QUALITY; and JOHN DOES I through XX,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                  In and For the County of Blaine, Cause No. DV 2001-13
                  Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Douglas L. Plouffe, *Pro Se*, Chinook, Montana

        For Respondents:

        Roger T. Witt; Ugrin, Alexander, Zadick & Higgins,
        Great Falls, Montana

                       Submitted on Briefs:  July 14, 2004

                             Decided:  August 3, 2004

Filed:

                                 Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Douglas L. Plouffe filed a complaint in Blaine County on May 18, 2001, in which he asserted a wide variety of allegations against various agencies of the State of Montana. Since Plouffe had previously brought a similar action against the State in Phillips County in 1998, the State asserted a defense of *res judicata* in Plouffe's 2001 Blaine County suit.

¶3 Plouffe's 1998 Phillips County action stated various claims arising out of the State of Montana's regulatory actions in regard to Sleeping Buffalo Management, Inc., of which Plouffe is the sole shareholder. Those allegations included: negligence, failure to act in good faith, common scheme, malicious prosecution, constructive fraud, actual fraud and actual malice, slander, libel, deceit, breach of fiduciary duty, enforcement of arbitrary, capricious and erroneous interpretations of applicable rules and laws. The State was granted summary judgment on all issues except the claim for malicious prosecution, which went to trial. At the close of Plouffe's case in chief, the District Court granted the State's motion for judgment as a matter of law. Plouffe appealed and we reversed and remanded. *Plouffe v. DPHHS,* 2002 MT 64, 309 Mont. 184, 45 P.3d 10. Plouffe's Phillips County cause went to

trial a second time on March 31, 2003. The jury returned a verdict in favor of the State and Plouffe's appeal is now before us in separate Cause No. 03-476.

¶4 In part, Plouffe's Blaine County action included specific allegations about actions of the Department of Revenue's Gambling Control Division, which filed administrative actions against the Sleeping Buffalo Resort in 1997 and 1998. Both of those actions are now final.

¶5 In regard to the Blaine County action, which is the subject of this appeal, the State, relying on the doctrine of *res judicata*, moved to dismiss for failure to state a claim for which relief could be granted pursuant to Rule 12(b)(6), M.R.Civ.P. In support of its motion, the State appended pleadings from other matters. The District Court dismissed Plouffe's action for failure to state a claim. On appeal of that ruling, we determined that, in considering materials outside the pleadings, the District Court had effectively converted the Rule 12 motion into a motion on summary judgment without giving Plouffe notice of its intention to do so. *Plouffe v. State,* 2003 MT 62, ¶ 15, 314 Mont. 413, ¶ 15, 66 P.3d 316, ¶ 15. We reversed and remanded. The State then moved for summary judgment on the basis of *res judicata* and the statute of limitations. The District Court then ruled that the majority of Plouffe's claims were barred by the statute of limitations and that all of his claims were barred by the doctrine of *res judicata*.

¶6 *Res judicata* has four elements: (1) the parties or their privies are the same; (2) the subject matter of the claim is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and the issues. *Plouffe v. State*, 2003 MT 62, ¶ 15, 314 Mont. 413, ¶ 15, 66 P.3d 316,

3

¶ 15. Plouffe only contests the second element, claiming the subject matter of this cause of action differs from his other causes of action because the present Blaine County action is about the loss of his resort due to a tax deed, and none of the other cases involved the actual loss of his resort. However, *res judicata* bars raising claims that were already raised, as well as claims that could have or should have been raised; it prohibits a party from relitigating a claim the party already had an opportunity to litigate. *Parini v. Missoula Cty. High School* (1997), 284 Mont. 14, 23, 944 P.2d 199, 204. Plouffe had ample opportunity to oppose the tax deed. He also could have amended his 1998 Phillips County action when he actually lost the resort in the year 2000. Merely rephrasing old claims does not cast them anew. Plouffe's claims are barred by *res judicata* and thus we need not address the matter of the statute of limitations. The order of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON