No. 03-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 282N

DOUGLAS L. PLOUFFE,

        Plaintiff and Appellant,

   v.

MONTANA DEPARTMENT OF PUBLIC HEALTH
AND HUMAN SERVICES, and MONTANA
DEPARTMENT OF ENVIRONMENTAL QUALITY,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                     In and for the County of Phillips, Cause No. DV-98-055,
                     The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Douglas L. Plouffe (pro se), Chinook, Montana

        For Respondent:

               Roger T. Witt, Ugrin, Alexander, Zadick & Higgins, P.C., Great Falls,
               Montana

                     Submitted on Briefs:  June 22, 2004

                               Decided:  October 18, 2004

Filed:

                               Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Douglas Plouffe (Plouffe), appearing *pro se*, appeals from a jury verdict entered against him and his co-plaintiff Roger Ereaux (Ereaux) on their malicious prosecution action tried in the Seventeenth Judicial District, Phillips County. We affirm.

¶3 The issues on appeal are as follows:

¶4 1. Was the jury's verdict supported by substantial evidence?

¶5 2. Did the District Court err in the giving of the jury instructions?

¶6 3. Was Plouffe deprived of a fair trial?

¶7 4. Did the District Court err by refusing to grant a new trial?

BACKGROUND

¶8 For a rendition of the facts leading up to this appeal, *See Plouffe v. Montana Dept. of Health and Human Serv.*, 2002 MT 64, 309 Mont. 184, 45 P.3d 10. Plouffe and Ereaux, owner and manager, respectively, of Sleeping Buffalo Hot Springs Resort, first brought this action in the Seventeenth Judicial District Court, Phillips County. They each filed a malicious prosecution action against the Montana Department of Public Health and Human Services and Department of Environmental Quality (State Agencies), relating to an

underlying civil proceeding which alleged the resort violated health and safety regulations. The District Court granted the State Agencies' motion for judgment as a matter of law. Plouffe and Ereaux appealed that decision. We reversed the District Court and remanded for a trial on the merits on their malicious prosecution claim. The matter proceeded to a jury trial resulting in a defense verdict. Plouffe moved for a new trial and was denied. Plouffe, appearing *pro se*, appeals.

DISCUSSION

ISSUE ONE

¶9 Was the jury's verdict supported by substantial evidence?

¶10 Plouffe argues the jury's verdict was not supported by substantial evidence, or was contrary to the weight of evidence. We disagree.

¶11 The Court's scope of review of jury verdicts is necessarily very limited and we will not reverse a jury verdict which is supported by substantial credible evidence. *Satterfield v. Medlin,* 2002 MT 260, ¶ 13, 312 Mont. 234, ¶ 13, 59 P.3d 33, ¶ 13. It is within the province of the jury to determine the weight and credibility afforded the evidence, and it is not this Court's function to agree or disagree with the jury's verdict. *Byers v. Cummings*, 2004 MT 69, ¶ 16, 320 Mont. 339, ¶ 16, 87 P.3d 465, ¶ 16. Thus, we review the evidence in the light most favorable to the prevailing party. *Byers*, ¶ 16. If conflicting evidence exists, we do not retry the case because the jury chose to believe one party over another. *Barnes By and Through Barnes v. United Industry, Inc.* (1996), 275 Mont. 25, 33, 909 P.2d 700, 705.

¶12 Upon a review of the record, we find there was substantial credible evidence

presented to the jury. The District Court found the jury listened to Plouffe's and Ereaux's arguments and evidence, "and their verdict reflected a conclusion different from the Plaintiff's arguments. In fact, the jury's verdict was unanimous." While Plouffe may feel the verdict is contrary to the weight of evidence, it is the duty of the jury to evaluate and analyze the evidence, thus determining the credibility to be afforded the evidence. The jury did so and believed the State Agencies; and their verdict conforms to that belief. Although Plouffe may be dissatisfied with the result, we find that the jury's verdict was supported by substantial credible evidence.

ISSUE TWO

¶13    Did the District Court err in the giving of the jury instructions?

¶14    Plouffe and Ereaux complain that the District Court erred when it gave the jury instructions it did to the jury. We disagree.

¶15    A district court has discretion when it decides how to instruct the jury, taking into consideration the parties' theories, and we will not overturn the court's decision absent an abuse of discretion. *Byers*, ¶ 41. In examining whether jury instructions were properly given or refused, we consider the instructions in their entirety to determine whether they adhere to the applicable law of that case. *Byers*, ¶ 41.

¶16    The District Court found the instructions submitted by Plouffe and Ereaux were "minimal and the verdict forms did not conform to the evidence and the applicable law." The record reflects that the parties, counsel and the judge had lengthy discussions regarding the instructions, during which Plouffe submitted input and made objections. The court

4

modified and accepted some of Plouffe's instructions and read them to the jury.

¶17 The court's instructions did take into consideration the parties' theories and also mirrored the necessary standards and applicable law we outlined in *Plouffe* that were necessary for the jury to resolve this matter. The court used appropriate jury instructions and adequately instructed the jury as to its duties, the burdens of the parties, and the law applicable to a claim of malicious prosecution. We conclude the District Court did not abuse its discretion when giving the instructions it did to the jury.

ISSUE THREE

¶18 Was Plouffe deprived of a fair trial?

¶19 As we stated earlier, Plouffe previously appealed the District Court's judgment as a matter of law in favor of the State Agencies. At that time, we found, "[w]hile the proceedings to date do not demonstrate guilt or innocence, we conclude the plaintiffs made out a *prima facie* case that warrants jury determination." *Plouffe*, ¶ 38. We reversed the District Court and remanded the case to be tried on the merits. A five day jury trial was subsequently held. Plouffe appeared, *pro se*, and presented his claims. Plouffe filed briefs, called witnesses, offered evidence, cross-examined the State Agencies' witnesses, made opening and closing arguments to the jury, and submitted proposed jury instructions. He was present at pretrial meetings and in-chambers meetings during the course of the trial. The jury listened to his, Ereaux's and the State Agencies' cases and entered a verdict against Plouffe and Ereaux on their malicious prosecution claim. There is no showing there was any unfairness attached to the trial.

5

¶20     Plouffe also contends the District Court unfairly limited the scope of damages he sought. The jury found the State Agencies did have probable cause to initiate an action against him, therefore there was no malicious prosecution. Because there was no malicious prosecution, there was no need for the jury to reach the question of damages.

¶21     We conclude Plouffe was not deprived of a fair trial.

## ISSUE FOUR

¶22     Did the District Court err by refusing to grant a new trial?

¶23     Plouffe argues the District Court abused its discretion by not vacating the jury's verdict and allowing him a new trial. He claims the District Court did not allow him to present certain evidence or damages; the jury was not given the proper laws, documents, and instructions; the State's witnesses gave false testimony; the court interrupted him and convinced him he was boring the jury only to later convince him to allow the court to present those same facts to the jury; the jury erred when it returned a verdict after only one hour and ten minutes of deliberation; and that all of the foregoing resulted in a denial of his State and Federal Constitutional rights of Due Process and Equal Protection. We disagree.

¶24     Our standard of review of the denial of a motion for a new trial is whether the district court manifestly abused its discretion. *Satterfield,* ¶ 14. The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. *Satterfield*, ¶ 14.

¶25     Section 25-11-102, MCA, outlines the following seven grounds for a new trial.

The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes

6

materially affecting the substantial rights of such party:

    (1)  irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

    (2)  misconduct of the jury. Whenever any one or more of the jurors have been induced to assent to any general or special verdict or to a finding on any question submitted to them by the court by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.

    (3)  accident or surprise which ordinary prudence could not have guarded against;

    (4)  newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial;

    (5)  excessive damages appearing to have been given under the influence of passion or prejudice;

    (6) insufficiency of the evidence to justify the verdict or other decision or that it is against law;

    (7)  error in law occurring at the trial and excepted to by the party making the application.

¶26 The District Court, in its order denying Plouffe's Motion to Vacate Verdict and Application for New Trial, found it "unclear from Plaintiff's motions under which reasons they are proceeding." However, the court did review each of Plouffe's arguments and established he was not entitled to a new trial for any of the seven grounds referred to in § 25-11-102, MCA. We agree. The District Court did not abuse its discretion when denying Plouffe's motion for a new trial.

¶27 Plouffe also takes issue with the fact that the jury deliberated for approximately seventy minutes. A brief deliberation does not affect the validity of a verdict, and it is only when the briefness is coupled with a verdict that is contrary to the great weight of evidence that the trial court set aside the verdict. *See Walker v. Montana Power Co.* (1996), 278 Mont. 344, 352, 924 P.2d, 1339, 1344. That did not occur here. Plouffe failed to

7

demonstrate any irregularities in the proceedings that would warrant a new trial, therefore the District Court did not err by refusing to grant a new trial. The order of the District Court is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE