FILED

01/02/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0466

DA 17-0466

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 4N

DOUGLAS L. PLOUFFE,

  Plaintiff and Appellant,

   v.

DENNIS SIMPSON, ARNE LEFDAHL, VIC LEFDAHL
and JOHN DOES 1 through 10,

  Defendants and Appellees.

APPEAL FROM: District Court of the Seventeenth Judicial District,
      In and For the County of Phillips, Cause No. DV 17-2
      Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Douglas L. Plouffe, self-represented; Chinook, Montana

   For Appellees:

     Dennis Simpson, self-represented; Saco, Montana

     Arne Lefdahl, self-represented; Malta, Montana

     Vic Lefdahl, self-represented; Saco, Montana

        Submitted on Briefs: December 6, 2017

            Decided: January 2, 2018

Filed:

           _____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2    Douglas L. Plouffe (Plouffe) appeals from the dismissal of his complaint, related to the Hot Springs near Saco, Montana, for failure to state a claim, by the Seventeenth Judicial District, Phillips County.[1] Plouffe, proceeding *pro se*, filed a Complaint against Appellees, individuals who are serviced by a water system that Plouffe alleged he owned. While the Complaint is difficult to understand, Plouffe generally asserts criminal conduct by the Appellees, citing to Title 45, MCA, including theft, burglary, criminal trespass, and criminal mischief. Plouffe also alleged misconduct by several county officials not named in the Complaint, including failure to prosecute the Appellees. In the prayer, Plouffe demanded criminal prosecution of the Appellees as well as damages.

¶3    The Appellees, also proceeding *pro se*, filed several motions to dismiss in the District Court. Their motions, supported with affidavits and other documents, argued that Plouffe is not the owner of the water system.

---

[1] This is our seventh opinion involving Plouffe and the Sleeping Buffalo Resort. *See Plouffe v. Mont. Dep't of Pub. Health & Human Servs.*, 2002 MT 64, 309 Mont. 184, 45 P.3d 10; *Plouffe v. State I*, 2003 MT 62, 314 Mont. 413, 66 P.3d 316; *Plouffe v. State II*, No. 04-199, 2004 MT 201N, 2004 Mont. LEXIS 380; *Plouffe v. Mont. Dep't of Pub. Health &Human Servs. II*, No. 03-476, 2004 MT 282N, 2004 Mont. LEXIS 522; *Plouffe v. Sec. of State, Dep't of Labor & Indus.*, No. DA 08-0188, 2009 MT 85N, 2009 Mont. LEXIS 92; *Plouffe v. Knudson*, No. DA 14-0291, 2014 MT 341N, 2014 Mont. LEXIS 736.

¶4      The District Court granted the motion to dismiss, holding that, taking the allegations of the Complaint "as true, even though they are less than well-pleaded, and viewed in the light most favorable to Plouffe, 'it appears beyond doubt that the plaintiff can prove no set of [f]acts in support of his claim which would entitle him to relief.'" (citations omitted). The District Court analyzed only the allegations of the Complaint, and did not reference any of the outside information included with Appellees' motion to dismiss. Plouffe appeals, and while his briefing is difficult to understand, we discern two issues: first, that the District Court erred by failing to convert the motion to dismiss to a motion for summary judgment, given the additional information regarding ownership of the water system presented by the motion to dismiss; and second, that the District Court erred by concluding that Plouffe's Complaint failed to state a claim upon which relief could be granted.

¶5      We review a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss *de novo*. *Plouffe v. State I*, ¶ 8 (citations omitted).

¶6      When presented with a Rule 12(b)(6) motion to dismiss, the district court has discretion to consider information outside the complaint. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 16, 337 Mont. 339, 160 P.3d 552. However, if the district court elects to do so, it must treat the motion as one for summary judgment, allowing the other party opportunity to respond. M. R. Civ. P. 12(d); *see also Meagher*, ¶ 16 (citations omitted).[2] If the district court does not convert the Rule 12(b)(6) motion into one for summary judgment, its review is limited to the contents of the complaint. *Plouffe v. State I*,

---

[2] The requirement to convert a motion to dismiss for failure to state a claim to summary judgment when matters outside the pleading are presented, was found in M. R. Civ. P. 12(b) prior to 2011, and is now stated in M. R. Civ. P. 12(d).

¶ 13 (citations omitted). "[A] motion to dismiss under [M. R. Civ. P. 12(b)(6)] allows the District Court to only examine whether 'a claim has been adequately stated in the complaint.'" *Plouffe v. State I*, ¶ 13 (citations omitted).

¶7 Plouffe argues "it's reasonable to believe that the District Court relied on the allegations of fact contained in the parties briefs and/or material outside the pleadings[,]" and thus the matter should have been converted into a motion for summary judgment, giving him an opportunity to respond to Appellees' factual contentions. Plouffe cites to nothing in the record to demonstrate that the District Court relied on any material outside of the Complaint, and the order of dismissal confirms that the District Court considered only the contents of the Complaint. Absent indication otherwise, "[w]e accept at face value the court's order that it was ruling on motions to dismiss and that the court's order was based upon the allegations in the complaint . . . ." *Cowan v. Cowan*, 2004 MT 97, ¶ 13, 321 Mont. 13, 89 P.3d 6 (citations omitted). While Plouffe correctly notes that Appellees presented outside evidence with their motions, the District Court exercised its discretion to ignore that information, and decided the issue on the basis of the Complaint alone. Therefore, the District Court did not err by not converting the motion into one for summary judgment.

¶8 A motion to dismiss must be granted if the complaint fails "to state a claim upon which relief can be granted . . . ." M. R. Civ. P. 12(b)(6). The complaint is construed in the light most favorable to the plaintiff, and all well pleaded allegations of fact contained therein are taken as true. *Plouffe v. State I*, ¶ 8 (citations omitted). However, the court need not accept as true any legal conclusions stated in the complaint. *Cowan*, ¶ 14

4

(citations omitted). A complaint must put a defendant on notice of the facts the plaintiff intends to prove, and such facts must disclose the elements necessary to make the claim. *Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, 957 P.2d 1 (citations omitted). We follow liberal rules of pleading to allow for compliance with the spirit and intent of the law, rather than a rigid adherence to formula or specific words. *McKinnon v. W. Sugar Coop. Corp.*, 2010 MT 24, ¶ 17, 355 Mont. 120, 225 P.3d 1221 (citations omitted). However, liberal application of the rules does not excuse omission of facts necessary to entitle relief. *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996) (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure - Civil* § 1216 (3d ed., 2004).

¶9      Plouffe argues that he pleaded wrongful acts committed by the Appellees, citing specific provisions of the criminal code. However, Plouffe proceeds under a fundamental misunderstanding of the division between the criminal and civil law. Crimes are wrongful acts against the public that are prosecuted by the State to protect the safety and order of society as a whole.[3] A crime victim does not have a civil cause of action based merely on

---

[3] *See, e.g., People v. Flores*, 92 Cal. Rptr. 3d 582, 588-89 (Cal. App. 4th 2009) ("Civil actions arise from, and are meant to remedy wrongs relating to, contractual or legal obligations and injuries to the person or to property . . . . A civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong . . . criminal actions are defined in the Penal Code . . . . A criminal action is a proceeding by which a party charged with a public offense is accused and brought to trial and punishment . . . and is prosecuted in the name of [the State] . . . .") (internal quotation and citation omitted).

the violation of a criminal statute, although there are civil causes of action that are similar to criminal offenses, such as the tort of wrongful death and the crime of homicide.

¶10   Plouffe's Complaint largely contains allegations regarding non-defendants. The allegations regarding the Appellees are primarily legal conclusions to the effect that the Appellees committed specified crimes. There are few purely factual allegations, and they are generally not "well pleaded." The factual allegations in the Complaint were not sufficient to put the defendants on notice about what Plouffe intended to prove and did not include all elements of a valid claim for relief. The Complaint provides nothing more than a mere suspicion that Plouffe may have a claim for conversion or trespass. Thus, the District Court did not err in dismissing the Complaint for failure to state a claim upon which relief could be granted pursuant to M. R. Civ. P. 12(b)(6).

¶11   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court's interpretation and application of the law were correct.

¶12   Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

6