FILED

03/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0588

DA 22-0588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 56N

ROBIN W. CARLSON,

      Plaintiff and Appellant,

   v.

ESTATE OF JACK W. NICKELS,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Seventh Judicial District,
                 In and For the County of McCone, Cause No. DV-22-3
                 Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robin W. Carlson, Self-Represented, Laramie, Wyoming

      For Appellee:

          David L. Irving, Irving Law, PLLC, Glasgow, Montana

          Aaron W. Nicholson, Crowley Fleck PLLP, Billings, Montana

                            Submitted on Briefs:  February 22, 2023

                                    Decided:  March 28, 2023

Filed:

                         _____
                                         Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Jack W. Nickels (Jack) was born September 24, 1920. He married his first wife, Peggy, in 1950. They had three children together: Holly L. Nickels (Holly), Sally Jo Eide (Sally), and Jack W. Nickels, Jr. (Jack Jr.). Peggy died in 1991. In 1997, Jack married Pearl Carlson Nickels (Pearl), who was born in 1931. Pearl had four children from two prior marriages: Ernest Carlson (Ernie), Robin Carlson (Robin), Bradley Carlson (Bradley), and Todd Wagner (Todd). The Appellant Robin Carlson is Jack's adult step-son through Jack's marriage to Pearl.

¶3    On May 1, 2002, Jack created the Jack W. Nickels Trust (original Trust). The original Trust did not mention Robin.

¶4    On November 20, 2003, Jack executed an Amendment & Restatement to the Jack W. Nickels Trust (First Amendment to Trust). In the First Amendment to Trust, Jack mentioned Pearl and his three children from his prior marriage but did not mention any of Pearl's children.

¶5  On January 24, 2008, Jack executed his Second Amendment & Restatement to the Jack W. Nickels Trust (Second Amendment to Trust), in which he mentioned Pearl, his three children from his prior marriage, and Pearl's four children from her prior marriages. Jack specifically excluded Jack Jr. and Robin from receiving any Trust property. Further, Jack directed that his daughters, Holly and Sally, only receive $30,000 each from the Trust. In his Second Amendment to Trust, Jack expressed that it was his and Pearl's intent "to combine our assets, provide for each other upon the death of the first of us as provided in each of our trusts, and upon the death of the survivor of us, the balance of our trust estates shall be distributed to ERNIE, BRAD and TODD . . . ." Jack expressly provided his rationale for the changes: (1) Jack Jr. had filed lawsuits against Jack and Pearl; (2) Holly and Sally did not offer Jack and Pearl any support regarding the lawsuits; and (3) Robin had inherited a ranch from his father that was substantially greater in value than what other beneficiaries would receive.

¶6  Jack passed away on August 31, 2021, at age 100. In Jack's Will, he made no specific devise and devised the residue of his estate to the Trust, as amended and restated on November 20, 2003, and January 24, 2008.

¶7  Robin filed a complaint in March 2022, and an amended complaint in April 2022, alleging Jack was incapacitated when he executed the 2008 Second Amendment to Trust and that Pearl exerted undue influence on Jack to exclude Robin from being a beneficiary of Jack's Trust. The Estate of Jack W. Nickels (Estate) filed a motion to dismiss, arguing

Robin failed to state a claim upon which relief could be granted and that Robin lacked standing. The District Court conducted a hearing on July 26, 2022. On September 16, 2022, the District Court granted the Estate's motion to dismiss concluding that Robin had not presented sufficient evidence of incapacity or undue influence, and that he lacked standing.

¶8 We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. In considering a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact are taken as true. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552.

¶9 "The capacity required to create, amend, revoke, or add property to a revocable trust or to direct the actions of the trustee of a revocable trust is the same as that required to make a will." Section 72-38-601, MCA. Under Montana law, once "a will ha[s] been admitted to probate. . . the presumption is that the deceased was competent and of sound mind." *In re Estate of Bodin*, 144 Mont. 555, 559, 398 P.2d 616, 618-19 (1965).

¶10 The District Court found that "Robin presented no compelling evidence of [Jack's] mental condition shortly before or after the execution of the Second Amendment to Trust to rebut the presumption of [Jack's] competency." The District Court noted that Robin's main evidence of Jack's incompetency was that Jack excluded him as a beneficiary to the Trust but did not exclude his two brothers or half-brother. Regarding Robin's allegations

4

that his mother exerted undue influence over Jack, the District Court determined that general allegations that Pearl "poisoned" Jack's mind do not amount to facts alleging undue influence and are insufficient to survive a motion under Rule 12(b)(6).

¶11　We agree. Excluding a child in estate planning is not, in and of itself, unnatural or sufficient to require the setting aside of a will or trust. *In re Estate of Tipp*, 281 Mont. 120, 126, 933 P.2d 182, 185 (1997). We first observe that Jack excluded, in addition to Robin, his son—Jack, Jr.—and also made limited distributions from the Trust to his two daughters. Jack expressly provided his reasons for the exclusions and limitations to these family members and why he wanted the property distributed in the manner he had specified. Further, Robin has failed to allege any specific act or fact supporting his allegations that his mother poisoned Jack or exercised undue influence over Jack to keep Robin from receiving property from the Trust. The District Court noted Robin's "circumstantial evidence" for what it was: a general claim of "poisoning" which failed to adequately set forth a claim for which relief could be granted.

¶12　Robin's claims of Pearl's undue influence and Jack's incapacity were properly dismissed pursuant to M. R. Civ. P. 12(b)(6). We do not need to address the issue of standing.

¶13　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

6