

DA 10-0276

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 256

KIRK WAYNE SPENCER,

      Petitioner and Appellant,

  v.

ALLEN BECK,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 10-13
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Kirk Wayne Spencer (Self-Represented), Deer Lodge, Montana

      For Appellee:

            Allen Beck (Self-Represented), Lewistown, Montana

                    Submitted on Briefs:  October 27, 2010

                             Decided:  December 7, 2010

Filed:

            _____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Kirk Spencer (Spencer) appeals the order of the Tenth Judicial District Court, Fergus County, dismissing his complaint alleging legal malpractice against Attorney Allen Beck (Beck). We reverse and remand.

## ISSUE

¶2 Spencer raises three issues for review, but we conclude his first issue is dispositive. A restatement of the dispositive issue is whether the District Court erred in construing Spencer's legal malpractice complaint as a petition for postconviction relief, and dismissing it as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On February 3, 2010, Spencer filed a Complaint and Demand for Jury Trial in the Tenth Judicial District Court, Fergus County. In his complaint, Spencer alleges gross negligence on the part of Beck, his court-appointed criminal defense attorney. Spencer complains that Beck, who represented Spencer in his criminal trial, was late in filing his brief to this Court on direct appeal. Spencer also asserts that Beck represented he would continue to pursue federal postconviction relief for Spencer, but did not do so. Spencer claims that he is now time-barred from pursuing any postconviction relief claims of ineffective assistance of counsel in either state or federal court. The complaint prays for compensatory damages for emotional distress, lost earning capacity, and lost opportunity.

¶4 Because Beck failed to file an answer, Spencer filed a motion for default judgment on March 24, 2010. Beck concurrently filed a M. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted (hereinafter 12(b)(6) motion).

On April 1, 2010, prior to the District Court ruling on either motion, Beck filed a general answer denying the allegations in Spencer's complaint. Beck's 12(b)(6) motion was denied by the Clerk of the District Court on April 12, 2010, because Beck failed to file an accompanying brief. The next day, the District Court ordered a preliminary pretrial scheduling conference to be held on May 4, 2010. The District Court did not rule on Spencer's motion for default judgment.

¶5 On May 3, 2010, one day before the scheduling conference was to take place, and without notice to either party, the District Court sua sponte dismissed Spencer's complaint. Spencer timely appeals.

## STANDARD OF REVIEW

¶6 The procedural background of this case is anomalous. After the Clerk of the District Court denied Beck's 12(b)(6) motion, the District Court, on its own motion and without notice to either party, converted Spencer's complaint into a petition for postconviction relief and dismissed it as untimely under § 46-21-102(1)(b), MCA, which provides a one-year statute of limitation for postconviction relief petitions. We review the District Court's sua sponte dismissal of Spencer's complaint under the standard of review for a district court's dismissal of a complaint pursuant to M. R. Civ. P. 12(b)(6).

¶7 We review de novo a district court's ruling on a 12(b)(6) motion. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. We will affirm a district court's dismissal of a complaint for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKinnon v. Western Sugar Coop. Corp.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d

3

1221 (citing *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247). A district court's determination of whether a complaint states a claim is a conclusion of law that we review for correctness. *Plouffe*, ¶ 8.

## DISCUSSION

¶8   *Did the District Court err in construing Spencer's complaint alleging legal malpractice as a claim for postconviction relief and dismissing it as untimely?*

¶9   On its own motion, the District Court dismissed Spencer's complaint stating that, while the complaint "presents aspects of a malpractice claim," it "more closely resembles a petition for post-conviction relief, alleging damages resulting from alleged ineffective assistance of counsel." The court went on to conclude Spencer's complaint was time-barred under § 46-21-102(1)(b), MCA, which states that a postconviction relief petition may be filed within one year of the final judgment. On appeal, Spencer capably argues that his complaint was properly and timely filed as a legal malpractice claim, and was not a petition for postconviction relief. Beck's cursory response, which cites no legal authority, merely states that the District Court was correct and urges this Court to affirm.

¶10   In considering a 12(b)(6) motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact are taken as true. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552. A 12(b)(6) motion has the effect of admitting all well-pled allegations in the complaint. *Id.* Therefore, in ruling on a 12(b)(6) motion, a district court may only examine whether a claim has been adequately stated; a complaint should not be dismissed unless it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts which would

4

entitled him to relief." *Plouffe*, ¶ 13 (quoting *Hoveland v. Petaja*, 252 Mont. 268, 270-71, 893 P.2d 392, 393 (1992)); *McKinnon*, ¶ 12.

¶11 To establish a claim for legal malpractice, a plaintiff must commence the action within the time permitted and state sufficient facts in the complaint to show that he could be entitled to the relief requested. Section 27-2-206, MCA, sets the time limits for filing a legal malpractice claim:

> **Actions for legal malpractice.** An action against an attorney licensed to practice law in Montana . . . based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

¶12 In *Ereth v. Cascade County*, 2003 MT 328, 318 Mont. 355, 81 P.3d 463 (Cotter & Regnier, JJ., concurring in part and dissenting in part), we analyzed the question of when the statute of limitations begins to run on a legal malpractice claim that stems from criminal representation. In interpreting an issue of first impression in Montana, we adopted the "two-track" approach, meaning a criminal defendant can simultaneously pursue a claim for postconviction relief in criminal court and a claim for legal malpractice in civil court. *Ereth*, ¶¶ 19, 26. Thus, we held that a criminal defendant "must file a malpractice complaint within three years of discovering the act, error or omission," regardless of whether postconviction relief is sought or granted. *Id.* at ¶ 26.

¶13 To recover damages in a legal malpractice action, a plaintiff must establish that: (1) the professional owed him or her a duty of care; (2) the professional breached this duty by failure to use reasonable care and skill; (3) the plaintiff suffered an injury; and (4)

5

the professional's conduct was the proximate cause of the injury. *Hauschulz v. Michael Law Firm*, 2001 MT 160, ¶ 11, 306 Mont. 102, 30 P.3d 357.

¶14 We conclude that it is manifest within the four corners of Spencer's complaint that he makes sufficient factual allegations of legal malpractice to withstand a 12(b)(6) dismissal. First, Spencer alleges he had an attorney-client relationship with Beck. Second, Spencer claims that Beck was grossly negligent by failing to pursue postconviction relief for Spencer in federal court after promising to do so. Finally, as to the third and fourth elements, Spencer asserts Beck's failure to pursue federal postconviction relief deprived Spencer of his constitutional right to challenge his conviction, and he alleges deprivation of liberty, emotional damages, and loss of earning capacity during his continued imprisonment. While we do not opine on the merits of this claim, the allegations contained within the four corners of Spencer's complaint are sufficient to state a claim for which relief can be granted. Moreover, there is no dispute that Spencer's complaint was filed within three years of Beck's alleged malpractice, and was therefore timely.

¶15 In its order dismissing Spencer's complaint, the District Court acknowledges that Spencer's complaint "presents aspects of a malpractice claim," but, rather than address the malpractice claim advanced by Spencer, the District Court sua sponte recharaterized the claim as one for postconviction relief. We conclude this was error. The allegations of gross negligence raised in Spencer's complaint are not of the type typically raised in a petition for postconviction relief. Spencer did not allege his sentence was illegal, nor did he assert his conviction should be vacated, set aside, or corrected. He did not seek

6

collateral relief from his sentence. In fact, Spencer's complaint plainly states that he is time-barred from pursuing postconviction relief at either the state or federal levels because of Beck's gross negligence. It being clear on the face of Spencer's complaint that he is alleging legal malpractice, the District Court erred when it sua sponte converted Spencer's complaint to a petition for postconviction relief and dismissed it as untimely under § 46-21-102(1)(b), MCA.

¶16 Finally, although it is unnecessary to resolve Spencer's remaining two issues in light of the foregoing holding, we caution courts that a sua sponte decision to raise a time bar or recharacterize a complaint for dismissal purposes invokes due process considerations. When a court is inclined to make such a dispositive ruling on an issue not raised by the parties, the court must first "afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely." *Davis v. State,* 2008 MT 226, ¶ 24, 344 Mont. 300, 187 P.3d 654.

## CONCLUSION

¶17 In sum, though we express no view on the underlying merits of Spencer's legal malpractice claim, we hold that the District Court erred in sua sponte recharacterizing Spencer's complaint as a petition for postconviction relief and dismissing it as untimely. We therefore reverse and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

7

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE