FILED

October 23 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 238N

DANIEL K. O'CONNELL (a Director of the
Glastonbury Landowners Association
Incorporated) and VALERY A. O'CONNELL
& for and on behalf of the landowners) & the
many members of the GLASTONBURY
LANDOWNERS ASSOCIATION,

        Plaintiffs and Appellants,

    v.

RICHARD BOLEN, LAURA BOISE, JANET
NACLERIO, SHERIDAN STENBERG, ALYSSA
ALLEN, GERALD DUBIEL, RICH SPALLONE,
& WILLIAM SMITH (all directors of GLA) &
"the GLASTONBURY LANDOWNERS BOARD
OF DIRECTORS" & the GLA GLASTONBURY
LANDOWNERS ASSOC.,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DV 11-114
                Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Daniel K. O'Connell and Valery O'Connell, Self-Represented, Emigrant,
                Montana

        For Appellees:

                Alanah Griffith, Pape & Griffith, PLLC, Bozeman, Montana
                Frederick Landers, Attorney at Law, Bozeman, Montana

                Submitted on Briefs:  August 29, 2012

Decided:  October 23, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel and Valery O'Connell (collectively the "O'Connells"), appearing pro se, appeal from several different orders entered by the Sixth Judicial District Court, Park County, and raise six issues for our review. We consolidate and restate the dispositive issues as follows:

¶3 *Issue One: Whether the District Court erred in dismissing Appellants' complaint with prejudice for failing to state a claim.*

¶4 *Issue Two: Whether the District Court erred in granting Appellees their attorneys' fees and costs.*

¶5 We reverse and remand.

¶6 The O'Connells are homeowners within the Glastonbury Landowner's Association, Inc. (GLA), a Montana non-profit homeowners association. Daniel O'Connell was appointed to the GLA's board of directors in 2009, which he served on until 2011. On June 22, 2011, the O'Connells filed a complaint against eight individual board members, which included an application for a temporary restraining order and temporary injunction. They later amended their complaint to include the GLA as a defendant. On November 23, 2011, Appellees filed a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6) or, in the alternative, a motion for more definite statement pursuant to M. R. Civ. P.

3

12(e). Appellees argued the O'Connells' complaint contained "rambling statement[s] mixed with law, conjectures and references to un-authenticated documents," making it "impossible" to tell how the facts applied to the claims made. On December 8, 2011, the District Court dismissed the O'Connells' case with prejudice and awarded Appellees their attorneys' fees and costs.

¶7 We review de novo a district court's ruling on an M. R. Civ. P. 12(b)(6) motion to dismiss. *Pederson v. Rocky Mt. Bank*, 2012 MT 48, ¶ 8, 364 Mont. 258, 272 P.3d 663. In our review, we look only at the allegations in the complaint. *Pederson*, ¶ 8. We will only affirm a district court's dismissal of a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Pederson*, ¶ 8. A motion to dismiss must be construed in the light most favorable to the plaintiff, and all allegations of fact are taken as true. *Pederson*, ¶ 8. Additionally, we review a district court's decision to grant or deny attorney fees for abuse of discretion. *Wagner v. Woodward*, 2012 MT 19, ¶ 18, 363 Mont. 403, 270 P.3d 21. Finally, we generally afford pro se litigants a certain amount of latitude. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶8 Although we agree with the District Court's finding that the O'Connells' complaint was not well-pled, we determine it was sufficient to survive a motion to dismiss. The allegations of the O'Connells' complaint, which at this stage are presumed to be true, put Appellees on notice that the O'Connells were asserting substantive and procedural violations of the GLA Covenants as well as fraud. Further, since the O'Connells should be afforded some leniency due to the fact that they are pro se, and because the Appellees moved in the

4

alternative for a more definite statement, we conclude the District Court erred in granting the Appellees' motion to dismiss for failure to state a claim with prejudice.

¶9     Where a pleading is "so vague or ambiguous" that a party cannot reasonably formulate a response, the Court can order a more definite statement. M. R. Civ. P. 12(e). Because the complaint was confusing and unclear, the District Court should have granted the Appellees' motion for a more definite statement so Appellees knew exactly what was alleged and what relief was sought. On remand, we instruct the District Court to order the O'Connells to amend their complaint to make a more definite statement showing they are entitled to relief from the Appellees and re-file with the District Court consistent with the time requirements set forth in M. R. Civ. P. 12(e). We would also encourage the O'Connells to consult an attorney to ensure their amended complaint is in compliance with our Rules of Civil Procedure so that it is not defeated by another motion to dismiss.

¶10    The O'Connells also argue that the District Court erred in awarding attorneys' fees and costs to Appellees. The District Court's award of attorneys' fees and costs was based on the GLA Covenants, which provided that the prevailing party in any action must receive its attorneys' fees and costs. Because we reverse the District Court's order granting Appellees' motion to dismiss and require the court give the O'Connells the opportunity to re-file their complaint, we also reverse the award of attorneys' fees.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶12    Reversed and remanded to the District Court for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER

Justice Jim Rice, dissenting.

¶13 I agree with the District Court that the complaint was "incomprehensible" and that the only actionable claim stated by the complaint was for an injunction, which had been mooted. A claim "must give notice to the other party of the facts which the pleader expects to prove, and the facts must disclose the presence of all the elements necessary to make out a claim." *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996). "[A] complaint must state something more than facts which, at most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief." *Mysse*, 279 Mont. at 266, 926 P.2d at 773 (citation omitted).

¶14 However, I believe the District Court erred by dismissing the complaint with prejudice. I would affirm the dismissal and remand for a revised order dismissing the complaint without prejudice. I would affirm the grant of attorney fees incurred by the Glastonbury Landowners Association in defending against the complaint.

6

/S/ JIM RICE