FILED

June 7 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0469

DA 15-0469

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 136

JACK and BONNIE MARTINELL, husband and wife;
THOMAS and HAZEL MCDOWALL, husband and wife;
THOMAS SHAFFREY; and BARRETT and
KARI KAISER, husband and wife,

        Plaintiffs and Appellants,

    v.

BOARD OF COUNTY COMMISSIONERS OF CARBON
COUNTY, the governing body of the County of Carbon,
acting by and through JOHN GREWELL, JOHN PRINKKI,
and DOUG TUCKER; DOUG and DENISE AISENBREY,
husband and wife; WILLIS and THERESE HERDEN, husband and wife;
DUANE and DENA HERGENRIDER, husband and wife;
KAREN HERGENRIDER; RUDOLPH HERGENRIDER;
SHELLY BAKICH LECHNER, as personal representative
of the Milovan Bakich estate; and STEVEN and MONICA THUESEN,
husband and wife,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                In and For the County of Carbon, Cause No. DV 15-14
                Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Jenny K. Harbine, Katherine K. O'Brien, Earthjustice; Bozeman, Montana

        For Appellees Aisenbreys, Herdens, Hergenriders, Bakich Lechner, and
        Thuesens:

                Raymond G. Kuntz, III, Attorney at Law; Red Lodge, Montana

For Board of Carbon County Commissioners:

Alex R. Nixon, Carbon County Attorney; Red Lodge, Montana

Jacqueline R. Papez, Doney Crowley P.C.; Helena, Montana

For Amicus Curiae Land Use & Natural Resources Clinic:

Michelle Bryan, Ariel Overstreet-Adkins, Land Use and Natural Resources Clinic; Missoula, Montana

Submitted on Briefs:  March 9, 2016

Decided:  June 7, 2016

Filed:

Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellants appeal from an order entered by the Twenty-Second Judicial District Court, Carbon County, dismissing their complaint. After the Board of Carbon County Commissioners denied the Appellants' petition to create a zoning district pursuant to § 76-2-101, MCA, *et seq.*, they filed a declaratory action, requesting a judgment declaring that the "protest provision" included in the statute is unconstitutional and that the Commissioners' actions in denying the petition were "arbitrary and capricious," violative of the Montana constitutional environmental provisions, and therefore void. Upon Appellees' motions to dismiss under M. R. Civ. P. 12(b)(6), the District Court agreed, dismissing the complaint without prejudice. We affirm. The issues on appeal are as follows:

*1. Did the District Court err by holding that the Carbon County Commissioners acted arbitrarily in waiving compliance with county resolution zoning requirements?*

*2. Is the protest provision in the "Part 1" zoning statute, § 76-2-101(5), MCA, unconstitutional?*

*3. Does the Carbon County Commissioners' reliance on the "Part 1" protest provision, § 76-2-101(5), MCA, render their decision unlawful?*

¶2 Because we affirm based on Issue 1, we do not reach Issues 2 and 3.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Appellants ("the Silvertip Landowners") are a group of private landowners in Carbon County who initiated a petition to establish a "Part 1" zoning district pursuant to

§ 76-2-101, MCA, *et seq.*[1]  The Appellees are the Board of County Commissioners of Carbon County ("the Commissioners"), and a group of private landowners in Carbon County who opposed the proposed zoning district ("the Neighbors").

¶4     Section 76-2-101, MCA, *et seq.*, establishes the statutory procedure for property owner-initiated zoning (referred to herein as "Part 1" zoning).  In November 2009, Carbon County specifically adopted a resolution ("Resolution 2009-16") which established "the approved process for the certification of 'Part [1]' zoning petitions in Carbon County, Montana," and which was in effect at all times relevant to the proceedings.  Resolution 2009-16 includes specific substantive and procedural requirements for a "Part 1" zoning petition.

¶5     On November 20, 2014, the Silvertip Landowners submitted a "Part 1" zoning petition to the Commissioners.  The Commissioners held a public meeting on December 15, 2014, where comment was heard from the public and various legal counsellors.  At this meeting, Appellee Steven Thuesen, a private landowner, informed the Commissioners that he and other landowners holding more than 50% of the acreage in the proposed district intended to protest the establishment of such a district.  At the end of the meeting, the Commissioners voted to adopt a resolution of intent to grant the petition and establish the zoning district, based on a finding that such a district would serve the public interest and convenience.  They determined to reconvene on January 15,

---

[1] Despite strong characterizations of the proposed zoning district by all parties, such as, for example, "anti-fracking," the substance of any proposed zoning regulations are not before us and, indeed, a zoning commission to consider adoption of regulations has not been created.

2015, to address protests to the petition, and to take further action on their resolution of intent to create the district.

¶6     At the outset of the meeting on January 15, 2015, the Commissioners noted that none of the parties had complied with Resolution 2009-16 throughout this process. Commissioner Prinkki made a statement and offered that the Commissioners had made certain "findings":

> [T]he Commissioners must acknowledge that the petition provided does not comport with the County Resolution 2009-16 regarding citizen-driven or type one zoning. Simply put, all parties failed to take notice of the resolution during the entire process. The Commission takes the blame for the oversight, but also makes the following findings:  no parties have been prejudiced by the oversight, and *both parties*, [Silvertip Landowners] and [the Neighbors], were held to the same standards and *benefitted from the easier standards applied*. The Commission has no reason to believe that either party would have had any difficulty in complying with the standards of Resolution 2009-16, had the parties been aware of it. . . .   The Commission finds that it would be unduly burdensome and unfair to proceed with the petition process [as required by Resolution 2009-16], and there's no reason to believe that the outcome would have . . . in any way been changed.  [Emphasis added.]

¶7     Later in the meeting, the Commissioners reported that landowners holding 60.7% of the total acreage in the proposed district had submitted protests opposing the zoning district. The Commissioners rescinded their resolution of intent, and voted to deny creation of the zoning district as proposed, citing as the reason for doing so the formal protests lodged.

¶8     The Silvertip Landowners filed an action in the Twenty-Second Judicial District Court; the complaint listed three causes of action:  1) reliance on an unconstitutional protest provision in § 76-2-101(5), MCA, pursuant to *Williams v. Bd. of Cnty. Comm'rs*

5

*of Missoula Cnty.*, 2013 MT 243, 371 Mont. 356, 308 P.3d 88; 2) arbitrary and capricious reversal of the Commissioners' own finding of public interest; and 3) unconstitutional deprivation of the Silvertip Landowners' right to a clean and healthful environment as guaranteed by the Montana Constitution. For relief, the Silvertip Landowners asked the District Court to 1) declare § 76-2-101(5), MCA, unconstitutional and therefore void; 2) declare the Commissioners' decisions to withdraw the resolution of intent to create the zoning district and to deny the Silvertip Landowners' petition as arbitrary and capricious, and therefore void; and 3) declare the Commissioners' decisions to withdraw the resolution of intent and to deny the petition as violative of the Montana Constitutional environmental protections. The Commissioners and the Neighbors both made motions to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6).

¶9 On July 8, 2015, the District Court issued an order granting the Neighbors' motion to dismiss, and dismissing the complaint without prejudice.[2] The District Court concluded that the Commissioners had indeed waived compliance with Resolution 2009-16, and "insofar as the resolution is applicable to this case," had acted arbitrarily in doing so because "it permitted the petitioners to avoid requirements pertaining to all similarly situated petitioners at the expense of the Neighbors and other citizens protesting the petition, while unnecessarily limiting information that would have assisted in an informed decision by the Commissioners." The District Court declined to address the constitutional questions raised, in light of the legal insufficiency of the petition and the

---

[2] After granting the Neighbors' motion to dismiss, the District Court denied the Commissioners' motion to dismiss as moot.

6

Commissioners' unwarranted waiver of Resolution 2009-16's requirements. In dismissing the complaint, the District Court explained, "Plaintiffs [Silvertip Landowners] retain the option to file another petition with Carbon County Commissioners for consideration of the creation of the Silvertip Zoning District in compliance with Resolution 2009-16."

¶10 The Silvertip Landowners appeal.

**STANDARD OF REVIEW**

¶11 "We review *de novo* a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). The determination of whether a complaint states a claim is a conclusion of law, and the district court's conclusions of law are reviewed for correctness." *Schoof v. Nesbit*, 2014 MT 6, ¶ 10, 373 Mont. 226, 316 P.3d 831 (citing to *Ming Da Situ v. Smole*, 2013 MT 33, ¶ 11, 369 Mont. 1, 303 P.3d 747) (internal citations and quotation marks omitted). "We accept the complaint's factual allegations as true and consider the complaint in the light most favorable to the plaintiff. We will affirm a district court's dismissal of a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Schoof*, ¶ 10 (citing *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 2010 MT 63, ¶ 15, 355 Mont. 387, 228 P.3d 1134; and *Pederson v. Rocky Mt. Bank*, 2012 MT 48, ¶ 8, 364 Mont. 258, 272 P.3d 663) (internal citations and quotation marks omitted).

**DISCUSSION**

¶12    *1. Did the District Court err by holding that the Carbon County Commissioners acted arbitrarily in waiving compliance with county resolution zoning requirements?*

¶13    The Silvertip Landowners argue that the Commissioners waived the requirements of Resolution 2009-16, and, contrary to the District Court's conclusion, the waiver was valid and did not warrant dismissal of the complaint. They argue the District Court improperly concluded that the Commissioners could not waive the Resolution when they articulated a reason for doing so on the record, and when no party was prejudiced by the waiver.

¶14    Section 76-2-101(1), MCA, provides for property owner-initiated zoning, and states, in pertinent part:

> Subject to the provisions of subsection (5), whenever the public interest or convenience may require and upon petition of 60% of the affected real property owners in the proposed district, the board of county commissioners may create a planning and zoning district and appoint a planning and zoning commission consisting of seven members.

¶15    In November 2009, Carbon County adopted Resolution 2009-16, which states that "Upon passage, the Resolution shall constitute the approved process for the certification of 'Part [1]' zoning petitions in Carbon County, Montana, submitted pursuant to § 76-2-101, [MCA]." Resolution 2009-16 provides the specific procedural and substantive requirements for a valid zoning petition, including: 1) a map prepared by a certified land surveyor indicating the boundaries of the area of land to be included in the district with the names of the landowners clearly marked (this map must be circulated with each of the petition's signature pages); 2) a specific format for the signature pages

8

(including a statement of the petition, a separate line for each signature and date, a separate line for signatory's printed name, a line for signatory's mailing address, and a legal description of the signatory's affected real property); 3) a title ownership report prepared by a title company; and 4) an affidavit of the person circulating the petition, or each signature must be notarized. The Resolution further provides the procedure for submitting a petition to the County Clerk and Recorder, requiring that a 45 business-day waiting period pass either for accepting more signatures in support of the petition, or for withdrawal statements from landowners who had changed their minds, to be submitted. The Resolution thus contemplates that the 45 business-day period could be fluid in terms of the petition's support, with the possibility that signatories would be added or withdrawn before the period was closed. After the 45 business-day period closed, the Clerk and Recorder was to transmit to the Board of County Commissioners a verification of the number of affected landowners within the boundaries of the district, the number of valid signatures, and "verification of the percentage of freeholders within the boundaries that signed the petition after it has been reviewed by the county attorney."[3]

¶16 The District Court reasoned that the substantive requirements of Resolution 2009-16 "are important to more fully inform the Commissioners in the decision making process relative to the petition by virtue of the required information and attachments[.]"

---

[3] The Silvertip Landowners state that "Some of the resolution's requirements, . . . threaten substantial expense[,]" and that Resolution 2009-16 "establishes procedural requirements . . . that go beyond the requirements of state law." However, despite these allusions, the legality of the Resolution itself has not been challenged.

In addition, the procedural requirements "provide a uniform set of rules upon which citizens can rely in petitioning for and protesting against a proposed zoning district."

¶17 The Silvertip Landowners argue that "the Commissioners and Neighbors fail to identify any way in which the Commissioners' decision to excuse strict compliance with Resolution 2009-16 prejudiced the Neighbors' interest . . . ." However, we do not agree. First, it is uncontested that the petition in question did not comply with Resolution 2009-16. A map indicating the boundaries of the area of land to be included in the proposed district, marking the individual names of landowners, was indeed drawn up, but it was not produced by a certified land surveyor, nor was it attached to each of the signature pages as they were circulated. The individual signature pages in the record appear to satisfy the requirements for the required lines for signatures and descriptions, but the signatures are neither notarized, nor is there an affidavit attached to the petition from the person collecting the signatures.[4]

¶18 Also significant is the failure to follow the procedural requirements following the submission of the petition to the County Clerk and Recorder. Per Resolution 2009-16, a valid petition must be held for 45 business days after submission, to allow for additional support signatures or withdrawal statements to be submitted. Both the December 15, 2014 meeting and the January 15, 2015 meeting were conducted prior to the closing of the waiting period, obviously violating this requirement. Thus, the period for submission

---

[4] Ms. Bonnie Martinell's affidavit attesting as to the signature pages is dated August 14, 2014, but the petition was resubmitted as of November 20, 2014, with no new accompanying affidavit.

of additional signatures or withdrawal of signatures was cut off, potentially impacting the final tally and the validity of the petition.

¶19 The Silvertip Landowners argue that "there is no indication in the record that any party was confused about the lands proposed for inclusion in the Silvertip District . . . ." We note that, in the December 15, 2014 meeting, a member of the audience raised questions about affected zoning area within the boundaries. Another landowner stated in a letter of protest that "I was never contacted by anyone before they included my acreage in this proposed zone." While these comments are not determinative, the record seems to indicate some confusion over what land was to be included in the proposed district, and adherence to the Resolution's careful requirements regarding title and survey information of the affected properties may have served to clear up any confusion.[5]

¶20 "The powers of a self-government unit, unless otherwise specifically provided, are vested in the local government legislative body and may by exercised only by ordinance or resolution." Section 7-1-104, MCA. A board of county commissioners is limited in the exercise of its legislative power to ordinances and resolutions, such as Resolution 2009-16, through which it may act. As the District Court pointed out, Resolution 2009-16 prescribes self-imposed requirements for a valid "Part 1" zoning petition in

---

[5] In the December 15, 2014 meeting, the Commission stated that "We have a letter from the County Clerk and Recorder, basically certifying that 60% of the landowners in the proposed zone are in fact landowners." If we can assume that this statement was meant to indicate that the Clerk and Recorder had provided "verification of the percentage of freeholders within the boundaries that signed the petition," as required by Resolution 2009-16, there is nonetheless no indication in the record that the Clerk and Recorder's letter included the other information required by the Resolution to be provided. The letter is not in the record before us.

Carbon County, and "sets forth [the] requirements the Commissioners and all citizens must follow" to validly enact such zoning.

¶21 The Silvertip Landowners emphasize the Commissioners' stated finding that "no parties have been prejudiced by the oversight." However, it is disconcerting that the same body that adopted Resolution 2009-16 as law can singlehandedly make the determination to "waive" the Resolution when time constraints make compliance inconvenient,[6] and upon its own assessment that no prejudice would result by its decision to do so. Although the Commissioners noted on the record that "both parties . . . were held to the same standards, and benefitted from the easier standards applied," there was no articulation of what standards were made "easier" by failing to follow the Resolution—or whether the public was in any way disadvantaged by the parties' compliance with "easier standards." Resolution 2009-16 clearly provides the standards for "Part 1" zoning petitions in Carbon County, and to waive some unidentified requirements for one petition may well insert uncertainty into the process for future petitioners, future protesters, and the public alike, and raise process concerns. As the District Court noted, "All petitioners coming before the county commission on a Part [1] zoning petition should be held to the same consistent standard." That is the law's entitlement to all citizens, and the District Court correctly concluded that the

---

[6] Mr. Moore, planning director, stated in the January 2015 meeting that "there was a sense of urgency and emergency" from the Silvertip Landowners when the petition was initially filed. Counsel for the Silvertip Landowners mentioned in December 2014 that, by acting promptly, the Commissioners had a chance "to get ahead of the game." By the time of the January 2015 meeting, the parties obviously felt that time was of the essence in regards to the petition. This was compounded by the Commissioners' learning about the requirements of the Resolution only two days before the January 2015 meeting.

Commissioners acted "arbitrarily and for reasons of convenience" by waiving those requirements.

¶22    Because all parties agree that the petition did not conform with the requirements of the Resolution, there is no set of facts that the Plaintiff Silvertip Landowners could prove otherwise. The Commissioners' waiver of the Resolution being error, we affirm the District Court's dismissal of the complaint without prejudice, and its determination to not reach constitutional issues until they are properly before the court.  As the District Court noted, Silvertip Landowners are free to pursue a properly filed petition.

¶23    Affirmed.


                                                            /S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA


Justice Patricia Cotter, dissenting.

¶24    I respectfully dissent from the Opinion of the Court in two particulars.  First, I disagree with the District Court's and this Court's conclusion that the BOCC's waiver of strict compliance with the County resolution was error.  While it is certainly true that County officials are obligated to comply with governing *statutes* when making zoning decisions (*Bryant Dev. Ass'n v. Dagel*, 166 Mont. 252, 531 P.2d 1320 (1975)), there is no

parallel authority requiring local officials to strictly comply with their own local ordinances, nor does the Court cite any such authority.

¶25 Though the Court combs the record here in search of a suggestion of prejudice, in truth the Neighbors suffered no injustice whatsoever in the BOCC proceedings. The District Court conceded as much when it was unable to make a finding of prejudice on the record, stating only that "[t]he Court will not assume a lack of prejudice." The notion that the Neighbors were somehow prejudiced by the BOCC's waiver of strict compliance with the local ordinance is wholly belied by the fact that they were able to successfully block the zoning district by collecting protests from landowners holding precisely 60.7% of the total acreage in the proposed district. Opinion, ¶ 7. This accomplishment clearly signals that the Neighbors knew *exactly* what land was at issue and establishes that they were not at all prejudiced by the actions of the BOCC. Our conclusion to the contrary finds no substantive support in the record.

¶26 The more significant error of the District Court and this Court, however, is the refusal to take up and resolve the constitutional issue raised by the Silvertip Landowners. As the Court notes, the plaintiffs requested in their declaratory action a judgment declaring that the "protest provision" included in § 76-2-101(5), MCA, is unconstitutional (Opinion, ¶ 1), a wholly appropriate subject for declaratory relief. Section 27-8-202, MCA, permits any person "whose rights, status, or other legal relations are affected by a statute . . . ." to obtain a declaration of rights, status, or legal relations. The constitutionality of the protest provision was fully briefed by the Silvertip

14

Landowners and the Neighbors in the District Court and this Court, yet both Courts inexplicably sidestep it until it is "properly before the court." Opinion, ¶ 22. Respectfully, the constitutional issue is properly before this Court now and it will not change regardless of the outcome of a successive petition to create a zoning district and an ensuing declaratory action.

¶27 As we acknowledge, the BOCC rescinded its resolution of intent to grant the Silvertip Landowners' petition and voted to deny the creation of the proposed zoning district, "citing as the reason for doing so the formal protests lodged." Opinion, ¶ 7. We therefore know that the BOCC rejected the zoning district premised upon the number of protests filed; we know that the precise issue raised in the Silvertip Landowners' petition for declaratory relief is the constitutionality of the subject protest provision; and we know that this Court previously declared a virtually identical protest provision in a zoning statute to be an unconstitutional delegation of legislative power to protesting landowners in *Williams v. Bd. of Cty. Comm'rs*, 2013 MT 243, 371 Mont. 356, 308 P.3d 88. This being so, there is no conceivable utility in declining to reach the constitutional issue here and now, especially given that the issue is purely one of law untethered to the record.

¶28 Because we decline to reach this issue now, the Silvertip Landowners will be compelled to expend the time and resources to refile their zoning petition before the BOCC, await the protests of the Neighbors, and face again a rejection of their proposal by the BOCC premised upon the number of protests filed. They will then have to return to the District Court, at which time the same constitutional issue will be presented

15

unaltered from its present form. And then, irrespective of the outcome of the District Court decision, the same issue will be back here for review. This complete waste of the parties' and the courts' time and resources would be forestalled if this Court were to resolve the constitutional issue now, one way or the other. Not to do so is senseless. I therefore strongly dissent from our refusal to resolve the constitutional issue before us.


/S/ PATRICIA COTTER