FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0265

DA 19-0265

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 320

VINCENT SHEPARD, individually, VINCENT
SHEPARD, as Guardian on behalf of VINNEY
SHEPARD, JR., LEELAND SHEPARD, Minors, VINCENT
SHEPARD as husband of STEPHANIE PARKER, (deceased),

      Plaintiffs and Appellants,

   v.

FARMERS INSURANCE EXCHANGE and
STATE FARM FIRE AND CASUALTY COMPANY
and JOHN DOES A, B, C, D, E, F, G,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DV-15-246
                  Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Julie McGarry, McGarry Law P.C., Bozeman, Montana

        For Appellee Farmers Insurance Exchange:

        Christopher C. Voigt, Monique P. Voigt, Crowley Fleck PLLP, Billings,
        Montana

        For Appellee State Farm Fire and Casualty Company:

        Bradley J. Luck, Emma L. Mediak, Garlington, Lohn & Robinson, PLLP,
        Missoula, Montana

                Submitted on Briefs:  April 15, 2020

                              Decided:  December 22, 2020

Filed:

                _____
                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Vincent Arthur Shepard, individually, as guardian on behalf of minors Vinney Shepard, Jr., and Leeland Shepard, and as husband of the deceased, Stephanie Nicole Parker, appeals the orders of the Twentieth Judicial District Court, Lake County, granting Farmers Insurance Exchange (Farmers) and State Farm Fire and Casualty Company's (State Farm) motions to dismiss. The dispositive issue is:

> *Did the District Court properly dismiss the plaintiffs' bad faith claims on the basis that the insurers' liability was not reasonably clear?*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On July 2, 2011, Trevor Olson was driving northbound in a 2005 Hyundai Tiburon on Highway 93 in Lake County, Montana, with his cousin, Tanner Olson, as a passenger. The Olson vehicle crossed over into the southbound lane and collided with an oncoming 2002 Pontiac Grand Am driven by Vincent Shepard. Vincent's wife, Stephanie Parker, and their children, Vinney Shepard, Jr., and Leeland Shepard, were passengers in the Shepard car. Stephanie, Trevor, and Tanner died as a result of the collision. Vincent and the Shepard children were seriously injured.

¶4 Trevor's parents, David C. Olson and Jeanine K. Olson, owned the Hyundai and insured the vehicle with State Farm. The policy provided liability coverage of up to $100,000 per person, up to $300,000 per accident for bodily injury, and up to $100,000 for property damage for covered claims subject to the terms and conditions of the insurance contract.

2

¶5 Tanner's father, Jay Olson, had a policy with Farmers that provided $60,000 in underinsured motorist (UIM) coverage. Tanner's mother, Kathy Gratton, had a Farmers' policy that provided $500,000 in UIM coverage. Both UIM policies provided: "We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured [including underinsured] motor vehicle because of the bodily injury sustained by the insured person."

¶6 On October 24, 2011, Vincent Shepard, on his own behalf, as the parent and guardian of the Shepard children, and on behalf of Stephanie's estate, filed a personal injury action against Trevor's and Tanner's estates. State Farm defended both estates through separate counsel. Trevor's and Tanner's estates then filed personal injury and wrongful death actions against Hyundai Motor Company and Hyundai Motor America (collectively, "Hyundai"), alleging that the accident was caused by a mechanical defect with the Olsons' Hyundai Tiburon, and joining Hyundai as third-party defendants to the litigation.

¶7 On December 16, 2011, State Farm filed a Complaint for Interpleader and Declaratory Relief. State Farm initiated the interpleader action because of the Shepards' demands that State Farm tender the $300,000 limits of the bodily injury policy as an advance pursuant to our opinions in *Ridley* and *Dubray*,[1] and their assertions that

---

[1] *See Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 897 (1997) (An insurer has a duty to pay an injured third party's medical expenses in advance of settlement when liability is reasonably clear and the medical expenses are causally related to the accident in question); *Dubray v. Farmers Ins. Exch.*, 2001 MT 251, 307 Mont. 134, 36 P.3d 897 (advance payments are

3

State Farm's failure to do so constituted improper claims handling. Prior to filing the interpleader action, State Farm tendered a $25,000 general advance payment to the Shepards and offered to pay the remaining $275,000 in exchange for a release of all claims against insured parties. Notwithstanding this offer, State Farm maintained that it was not obligated to make advance payments pursuant to *Ridley* and *Dubray* because the accident investigation was still ongoing and its insureds' liability had not been determined to be reasonably clear. The Shepards continued to demand payment of the bodily injury policy limits without a release and continued to maintain that State Farm was handling the claims improperly.

¶8 The Shepards moved the District Court to release the interpled funds. The District Court denied the motion. The District Court held that it could not order the release of the interpled funds because reasonably clear liability on the part of State Farm's insureds "has yet to be established by the parties so the matter remains the obligation of the trier of fact, the jury, especially in view of the information presented in the record regarding a mechanical defect."

¶9 In October 2013, the Shepards settled their claims against both Trevor's and Tanner's estates.

---

not categorically limited to medical expenses, but may include lost wages that are reasonably certain and directly related to an insured's negligence or wrongful act).

4

¶10 In May 2014, Trevor's and Tanner's estates' personal injury and wrongful death actions against Hyundai proceeded to a jury trial. The jury found Hyundai liable for the collision.

¶11 On November 2, 2015, the Shepards filed a Complaint against State Farm and Farmers alleging, among other claims, common law bad faith and violation of the Unfair Trade Practices Act. The Complaint did not properly name the insurance companies, so the Shepards filed an Amended Complaint properly naming the insurance companies. State Farm and Farmers moved to dismiss the Amended Complaint pursuant to M. R. Civ. P. 12(b)(6). The Shepards filed a Second Amended Complaint, and State Farm and Farmers moved to dismiss the Second Amended Complaint.

¶12 On February 1, 2019, the District Court held a hearing on the motions to dismiss. At the hearing, the parties stipulated to the District Court's consideration of documents included with the briefing without converting the motions into motions for summary judgment.

¶13 The District Court granted the insurers' motions to dismiss in two separate orders, issued on February 13, 2019, and March 28, 2019.[2] In its February 13, 2019 Order, it found

---

[2] As an alternative basis for their motions to dismiss, the insurers contended that the Shepards' claims were barred by the applicable statutes of limitations. At the February 1, 2019 hearing on the motions to dismiss, the Shepards argued, for the first time, that the statutes of limitations did not bar the Shepard children's claims due to their status as minors. Therefore, while the District Court dismissed the adult parties' claims in its February 13, 2019 Order, it allowed the Shepards to submit additional briefing on whether the Shepard children's claims were barred by the statute of limitations, and reserved its ruling on this issue until its March 28, 2019 Order. In its March 28, 2019 Order, the District Court dismissed the Shepard children's claims, holding that "as this Court finds that none of the Plaintiffs have stated any viable claims against the Defendants, this Court need not consider whether any statutes of limitations bar the minor Plaintiffs' claims."

that the District Court's holding in the interpleader action that the liability of the State Farm and Farmers insureds was not reasonably clear was fatal to all of the Shepards' bad faith claims. The District Court went on to conclude:

> In addition to the findings in the [interpleader] litigation, [the Shepards] failed to demonstrate any factual basis for alleging the insure[r]s acted without a reasonable basis for contesting the claims, or for alleging liability was reasonably clear.

In its March 28, 2019 Order, the District Court expounded:

> Since the district court's ruling [in the interpleader action], Plaintiffs fail to point to anything that has occurred which, even in hindsight, would call the district court's decision into question. . . . Based on this record, this Court finds that the Plaintiffs, including the minor Plaintiffs, are unable to demonstrate that the liability of the Defendants' insureds, Trevor and/or Tanner Olson, was ever reasonably clear. The Plaintiffs are therefore unable to state any viable statutory unfair claims handling and common law bad faith claims.

## STANDARDS OF REVIEW

¶14 We review a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss de novo. *Marshall v. Safeco Ins. Co. of Illinois*, 2018 MT 45, ¶ 6, 390 Mont. 358, 413 P.3d 828. In doing so, we construe the complaint in the light most favorable to the plaintiffs. *Marshall*, ¶ 6. We will affirm a district court's dismissal of a complaint for failure to state a claim when "it appears beyond doubt the plaintiff[s] can prove no set of facts in support of [their] claim that would entitle [them] to relief." *Marshall*, ¶ 6; *see also Pederson v. Rocky Mountain Bank*, 2012 MT 48, ¶ 8, 364 Mont. 258, 272 P.3d 663;

For purposes of this Opinion, we likewise deem it unnecessary to consider whether the statute of limitations bars any of the Plaintiffs' claims.

6

*Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247. "A district court's determination that a complaint has failed to state a claim for which relief can be granted is a conclusion of law which we review for correctness." *Marshall*, ¶ 6.

## DISCUSSION

¶15 *Did the District Court properly dismiss the plaintiffs' bad faith claims on the basis that the insurers' liability was not reasonably clear?*

¶16 "[I]nsurers are obligated to pay an injured third party's medical expenses prior to final settlement when liability for such expenses is reasonably clear." *Shilhanek v. D-2 Trucking*, 2003 MT 122, ¶ 16, 315 Mont. 519, 70 P.3d 721; *see also Ridley*, 286 Mont. at 334, 951 P.2d at 991. We later expanded the scope of that obligation in *Dubray*, holding that advance payments were not "categorically limited to medical expenses. . . . Lost wages reasonably certain and directly related to an insured's negligence or wrongful act" may be included. *Dubray*, ¶ 15.

¶17 "[L]iability is reasonably clear when a reasonable person, with knowledge of the relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff. . . . [I]f liability was reasonably clear it would leave little room for objectively reasonable debate." *Teeter v. Mid-Century Ins. Co.*, 2017 MT 292, ¶ 16, 389 Mont. 407, 406 P.3d 464 (internal citations and quotations omitted). If debate exists, then the determination of liability is left to a jury. *Teeter*, ¶ 18.

¶18 The Shepards assert that the District Court erred by "incorrectly afford[ing] preclusive effect to an interlocutory order in the Original Litigation." The Shepards base this assertion on the District Court's statement in its February 14, 2019 Order that

"[t]he previous district court finding that the liability of the Defendants' insureds was 'not reasonably clear' is fatal to both of these insurance claim handling counts." The Shepards note that, in the interpleader action, the District Court held only that "reasonably clear liability . . . has yet to be established by the parties." Emphasizing the "yet to be established" language, the Shepards argue that although reasonably clear liability had not been conclusively established in the interpleader action, neither had it been conclusively disproven. Yet, the Shepards argue, the District Court seized on this holding and erroneously applied the doctrine of issue preclusion to bar their bad faith claims. We disagree.

¶19 Read in isolation, the District Court's statement that the finding in the interpleader action that liability was not reasonably clear was fatal to the Shepards' bad faith claims might provide a basis for the Shepards' argument that the District Court erroneously gave preclusive effect to an interlocutory order. However, while the District Court noted that the Shepards failed to establish reasonably clear liability in the interpleader action, the District Court went on to correctly observe that "*[i]n addition to the findings in the [interpleader] litigation*, [the Shepards] failed to demonstrate *any* factual basis for alleging the insure[r]s acted without a reasonable basis for contesting the claims, or for alleging liability was reasonably clear." (Emphasis added.) In its second order of dismissal, the District Court further observed that "[s]ince the district court's ruling [in the interpleader action], [the Shepards] fail to point to anything that has occurred which, even in hindsight, would call the district court's decision into question." The District Court continued that

8

the Shepards have been "unable to demonstrate that the liability of the Defendants' insureds . . . was *ever* reasonably clear." (Emphasis added.)

¶20   On appeal, the Shepards fail to acknowledge, much less address, the District Court's conclusions that they had failed to demonstrate that State Farm's and Farmers' insureds' liability was ever reasonably clear.  Rather, they focus their argument exclusively on a single statement from the District Court's order and its ostensible preclusive effect on their bad faith action.  But the District Court's analysis went far beyond that single statement. Even if we were to completely excise any reference to the interpleader litigation in the District Court's Orders, the Shepards still failed to demonstrate that State Farm's and Farmers' insureds' liability was ever reasonably clear.  The District Court did not err by dismissing their claims.

## CONCLUSION

¶21   The Shepards did not establish that State Farms' and Farmers' insureds' liability was ever reasonably clear.  The District Court did not err in granting State Farm's and Farmers' motions to dismiss.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE